UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Harry Shadowen<br><br>    Plaintiff,<br><br>vs.<br><br>Hudson Technologies Company<br><br>    Defendant. | Case No.<br><br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

VENUE AND JURISDICTION

1. This action alleges discrimination in violation Federal Law and specifically of the 1990 Americans with Disabilities Act pursuant to 42 U.S.C. 12101 *et seq*.

2. This Court has original jurisdiction over the Federal Question claims and supplemental jurisdiction pursuant to 29 U.S.C. §1367.

3. Pursuant to 28 U.S.C. § 1391 venue is appropriate in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. The events giving rise to claim in this matter are the employment and discrimination in Nashville, Tennessee.

4. Plaintiff, Harry Shadowen was an employee of Hudson Technologies Company during all relevant times in this Complaint.

5. Defendant, Hudson Technologies Company is a US manufacturer of deep and shallow drawn metal enclosures, also called cans or cases whose principle place of business is One Blue Hill Plaza, 14th Floor Suite 1541, Pearl River, NY 10965.

6. Defendant operates a Plant in Nashville, Tennessee with a local agent for service of process as follows: William L. Norton; 1600 Division Street, Suite 700, Nashville TN 37203-2771.

7. The employer has more than 15 employees.

8. A right to sue letter has been issued by the U.S. Equal Employment Opportunity Commission and is attached hereto as Exhibit A.

GENERAL ALLEGATIONS

9. Mr. Shadowen was hired via a staffing agency on or about July 2015.

10. He was promoted to hydro technician on or about November 15, 2015.

11. Mr. Shadowen was hospitalized for one week in August 2016 for diabetes.

12. Supervisor, Miles Riedelbreger regarded him as disabled and a liability because of the diabetes.

13. Approximately a week after his return, Mr. Shadowen gave Hose Futrell some money for a soda.

14. Supervisor Riedelbreger brought Plaintiff the orange Fanta and commented, "be careful drinking these as something could happen to your blood sugar and a major workers compensation claim could shut this plant down".

15. Additionally, throughout Plaintiff's employment he complained to Supervisor Riedelbreger that there was something wrong with the equipment.

16. Plaintiff was a hydro technician and the pressures were not right.

17. When said failures were reported to supervisor Riedelbreger the equipment nothing was done.

18. On or about August 31, 2016, Jim Spencer from the Illinois plant came to the Nashville, Tennessee plant.

19. Plaintiff reported the equipment failure to Mr. Spencer, who shut the department down for repairs.

20. Upon information and belief, supervisor Riedelbreger may have been reprimanded for this equipment failure.

21. On or about September 6, 2016, Mr. Shadowen was terminated for skipping machines and writing down false readings.

22. Upon information and belief, said reasons were a pretext and the motivation behind said termination was disability discrimination and reporting equipment failure.

FIRST CLAIM FOR RELIEF

DISCRIMINATION – AMERICANS WITH DISABILITY ACT

23. Plaintiff reiterates all the general allegations.

24.     Pursuant to ADA 42 USC §12101, Mr. Shadowen was a an employee and a member of a protected class and at all times Hudson Technologies Company qualified as an employer with more than 15 employees.

25.     Plaintiff was diagnosed with injury to his left knee requiring total knee replacement on or about May 2, 2017.

26.     Plaintiff's medical conditions did not cause impairment to major life activities, and he was otherwise qualified to work as a hydro technician.

27.     However, Supervisor Miles Riedelbreger perceived Plaintiff as disabled, when he warned him from drinking a soda, and his *disability* could potentially shut the plant down.

28.     Mr. Shadowen suffered an adverse employment action, when he was terminated on or about September 6, 2017.

29.     Mr. Shadowen was discriminated against because of his perceived disability and as a result of the discrimination, Plaintiff has suffered monetary loss, pain and suffering, humiliation, further injury, lost wages, loss insurance, loss of employment benefits, and attorney fees.

SECOND CLAIM FOR RELIEF

DISCRIMINATION

Retaliation for reporting equipment failure as against public policy

30.     Plaintiff incorporates the general allegations.

31.     At all times relevant hereto, Mr. Shadowen was an employee of Hudson Technologies Company.

32. Mr. Shadowen reported equipment failure to Supervisor Miles Riedelbreger on numerous occasions.

33. The equipment was not repaired.

34. On or about late August orearly September, Mr. Spencer visited the plant, noted equipment failure, and shut the plant down for repairs.

35. Days afterwards, Mr. Shadowen was terminated for writing down false numbers.

36. Said reasons were a pretext as the equipment failure is documented.

37. Hudson claims to have video of said falsification, and Plaintiff denies same, again claiming pretext.

38. As a result of said whistleblowing, Plaintiff suffered lost wages, humiliation, lost benefits, pain and suffering, and other damages.

THIRD CLAIM FOR RELIEF

DISCRIMINATION – Tennessee Human Rights Act and Tennessee Disability Act.

39. Plaintiff reiterates and incorporates all previous. As a result of Plaintiff's perceived disability, he was denied his employment and earnings.

40. Plaintiff was treated differently than other employees without the perceived disability as members within the location had knee injuries to include total knee replacements but were allowed to work.

41. Plaintiff was treated differently that other employees without a perceived disability, because other employees, similarly situated with no medical work restrictions were allowed to work.

42. As a proximate cause of the termination, Plaintiff suffered wage loss, humiliation, loss of income, loss of reputation, and other damages.

WHEREFORE, Mr. Shadowen prays for judgment against the defendant as follows:

1) For a judicial declaration that the defendant is liable under the ADA for all past, present and future lost wages, employment benefits and other costs incurred by Shadowen in connection with his termination including, without limitation, reasonable attorneys' fees.

2) For a judicial declaration that the defendant is liable under The Tennessee Human Rights Act for all past, present and future lost wages, employment benefits and other costs incurred by Mr. Shadowen in connection with his suspended employment including, without limitation, reasonable attorneys' fees.

3) For a judicial declaration that the defendant is liable under the Common Law claims of Retaliation for whistleblowers and any other State law that may arise during the course of discovery for compensatory and punitive damages to include pain, humiliation, embarrassment and suffering.

4) Further, liquidated damages equal to the actual damages as allowed plus interest.

5) Punitive damages up to $300,000 pursuant to the ADEA and unlimited as determined by the trier of fact for the THRA.

6) Attorney fees.

For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED:  s/ Constance Mann

_____
Constance Mann
The Law Offices of Constance Mann
TN BPR # 014616
CA BPR # 16564

1107 Battlewood Street
Franklin, TN 37069
(615) 724-1800
cmannlaw@msn.com
Attorney for Plaintiff, Shadowen

<u>Bond Statement</u>

COST BOND

I, Constance Mann as Principal(s) and as Surety, am held and firmly bound unto the Federal District Court of the Middle District of Tennessee, for the payment of all costs awarded against the principal. To that end, we bind ourselves, our heirs, executors and administrators. The Principal(s) is/are commencing legal proceeding in the Federal District Court of the Middle District of Tennessee. If the Principal(s) shall pay all costs which are adjudged against them then this obligation is void. If the Principal(s) fail to pay then the surety shall undertake to pay all costs adjudged against the Principal(s).

s/ Constance Mann